

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
09/16/2010

| | | |
|---|---|---|
| **IN RE:** | § | |
| **ALLAN BAIN; dba EVOLUTION ARMOR** | § | **Case No. 09-39438** |
| **SYSTEMS; dba A.D. BAIN** | § | |
| **CONSULTANTS,** | § | |
| Debtor(s). | § | |
| | § | **Chapter 7** |
| | § | |
| **SCHUBERT OSTERRIEDER &** | § | |
| **NICKELSON PLLC,** *et al*, | § | |
| Plaintiff(s) | § | |
| | § | |
| **VS.** | § | **Adversary No. 10-03103** |
| | § | |
| **ALLAN BAIN; dba EVOLUTION ARMOR** | § | |
| **SYSTEMS,** *et al*, | § | |
| Defendant(s). | § | **Judge Isgur** |

## MEMORANDUM OPINION AND ORDER SETTING HEARING

Plaintiffs allege that the Defendant owes them money because he filled out magazine subscription cards in the Plaintiffs' name.  In this adversary proceeding, Plaintiffs plead causes of action for fraud and infliction of emotional distress, seeking to have the Court award damages and to declare the damages a nondischargeable debt.  The Plaintiffs allege that the debt is nondischargeable under § 523(a)(2)(A) and § 523(a)(6) of the Bankruptcy Code.   Under § 523(a)(2)(A), debts for false pretenses, false representation, or actual fraud are nondischargeable, and under § 523(a)(6), debts for willful and malicious injury are nondischargeable.  The Court holds that Plaintiffs failed to state a claim for nondischargeability under § 523(a)(2)(A), but stated a claim for nondischargeability under § 523(a)(6).

## Background

This adversary proceeding began as a state court lawsuit.  On March 28, 2008, the law firm Schubert Osterrieder & Nickelson PLLC (Schubert) sued Alan D. Bain, d/b/a Evolution

Armor Systems, in the Harris County District Court for breach of contract and *quantum meruit*. The matter was referred to binding arbitration.  On February 20, 2009, the state court entered an arbitration award of $8,100.00 and 12% interest for resolution of the breach of contract and *quantum meruit* causes of action.  The Court also granted Schubert's motion for leave to amend the pleadings to add causes of action for fraud and infliction of emotional distress and to add attorney Erik Osterrieder as a plaintiff.

On March 5, 2009, Schubert and Osterrieder filed the Plaintiffs' First Amended Petition, asserting causes of action for fraud and infliction of emotional distress.  The amended state court petition alleges an extensive history of disputes between Plaintiffs and Bain, including Bain's filing disciplinary grievances against Osterrieder, the parties' arbitration proceedings for the breach of contract and *quantum meruit* claims, and Bain's opening of a mail fraud case against the Defendants with the U.S. Post Office.

In the amended state court petition, Schubert and Osterrieder alleged that, after Bain and Evolution Armor lost the arbitration proceeding against the Plaintiffs, Bain fraudulently ordered over 150 magazine subscriptions in Osterrieder's name.  Pl's First Am. Pet'n ¶ 5, 8-9, Doc. No. 7-3, at 2-3.  Plaintiffs alleged that Bain's filling out magazine subscription cards in Osterrieder's name constituted multiple counts of fraud and also intentional or negligent infliction of emotional distress.  Pl's First Am. Pet'n ¶ 16, 18, Doc. No. 7-3, at 5-6.

Bain filed for bankruptcy under chapter 7 on September 25, 2009.  The Court dismissed the bankruptcy case because Bain failed to file required documents.  Bain filed for chapter 7 bankruptcy again on December 10, 2009.  Bain's second bankruptcy case is still pending in this Court.  On March 1, 2010, Plaintiffs removed the state court action to this Court.  At a hearing

on June 18, 2010, the Court ordered the parties to brief whether the current lawsuit states a claim for nondischargeability under § 523 of the Bankruptcy Code.

## Legal Standard

The Court considers under Federal Rule of Civil Procedure 12(b)(6), applicable to this adversary proceeding through Federal Rule of Bankruptcy Procedure 7012, whether the Plaintiffs have stated a claim, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). However, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. Inspire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted). To avoid a dismissal for failure to state a claim, "a plaintiff must plead specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (internal quotations and citations omitted).

Bain's liability to the Plaintiffs is determined by state law, but whether any damages awarded under Plaintiffs' state law claims would be dischargeable under the Bankruptcy Code is determined by federal bankruptcy law. The Court therefore considers whether Plaintiffs' pleadings for their state law causes of action state claims under § 523 of the Bankruptcy Code.

## Analysis

Plaintiffs' pleadings in support of the fraud claim are insufficient to state a claim for nondischargeability under § 523(a)(2)(A) of the Bankruptcy Code. Plaintiffs' pleadings in support of the negligent infliction of emotional distress claim fail to allege intent and thus fail to state a claim for nondischargeability under § 523(a)(6). However, Plaintiff's fraud and intentional infliction of emotional distress claims both allege facts that, if proven, would support a claim for nondischargeability under § 523(a)(6).

1. **Nondischargeability for False Pretenses, False Representation or Actual Fraud Under § 523(a)(2)(A)**

Plaintiffs failed to state a claim for nondischargeability for false pretenses, false representation, or actual fraud under 11 U.S.C. § 523(a)(2)(A).  A debt is nondischargeable under § 523(a)(2)(A) only if the debtor or someone else actually obtained money, property, services, or an extension, renewal, or refinancing of credit through false pretenses, a false representation, or actual fraud.  Bain did not actually obtain money, property, services, credit, or any other direct or indirect benefit—for anyone—as a result of his alleged act of filling out magazine subscription cards.

Courts have held that a debt may be nondischargeable under § 523(a)(2)(A) even if the debtor obtained only an indirect benefit as a result of the fraud.  *E.g.*, *Brady v. McAllister (In re Brady)*, 101 F.3d 1165 (6th Cir. 1996) ("We . . . reject debtor's implication that a debt is nondischargeable under section 523(a)(2)(A) only when the creditor proves that the debtor directly and personally received every dollar lost by the creditor.");  *Ashley v. Church (In re Ashley)*, 903 F.2d 599, 604 (9th Cir. 1989) (holding that even where a debtor's link with the benefits of a fraudulently obtained loan was "slightly attenuated," the debtor's connection to the business receiving the loan made him an indirect beneficiary, so that his obtaining the loan "was indeed obtaining something for himself"); *Jacobs v. Mones (In re Mones)*, 169 B.R. 246, 254-55 (Bankr. D.D.C. 1994) (holding that where a debtor perpetrated a fraud but benefited only through commissions, the entire amount obtained through fraud was a nondischargeable debt).  In the Fifth Circuit, the debtor does not need to have obtained *any* benefit from the fraud.  *Deodati v. M.M. Winkler & Assocs. (In re M.M. Winkler & Assocs.)*, 239 F.3d 746, 749 (5th Cir. 2001).

The Fifth Circuit stated in *M.M. Winkler* that "[t]he language of the statute includes no 'receipt of benefit' requirement." *Id.* *M.M. Winkler* dealt with the question of whether an innocent partner could discharge a debt for fraud committed by another partner at his firm. Even if the innocent partner had not personally benefited, a person with whom the partner was associated had "obtained" a benefit from the fraud. *Id.* at 751.

*M.M. Winkler* correctly states that there is no "receipt of benefit" requirement in the statute. There is, however, an "obtained" requirement in the statute. Even though the debtor need not be the person who obtained money, property, services, or credit as a result of the fraud, someone must have obtained something. To determine whether any party has obtained something as a result of fraud, the Court still has to consider whether *someone* benefited.

The case therefore does not negate the requirement that money, property, services, or credit must have been obtained as a result of fraud. It simply allows that if the debtor is innocent but legally liable for the debts of the person who obtained the benefit, the debt is still nondischargeable. *Id.* (allowing that the debt is nondischargeable if it "arises from fraud and the debtor is liable for that debt under state partnership law").[1] *M.M. Winkler* deals with *who* is responsible for fraud, assuming fraud has occurred. The Court here considers the question of *whether* fraud has been pleaded under the Bankruptcy Code.

In this case, no one could have benefited from Bain's alleged fraud on Schubert. Schubert argues that Bain obtained Schubert's "services," because Schubert was required "to cancel the hundreds of fraudulent magazine subscriptions and litigate the same to force closure to

---

[1] Furthermore, the Fifth Circuit clarified in *Tower Credit, Inc. v. Gauthier (In re Gauthier)* that imputation of another person's fraud for nondischargeability purposes relies on agency theory. 349 Fed.Appx. 943, 945-46 (5th Cir. 2009) (holding that a husband's fraud would not be imputed to his wife for nondischargeability purposes where the husband incurred the debt prior to marriage and the wife had no knowledge of or involvement in the alleged fraud).

Defendants' harassment."  Pl's Brief in Support of Nondischargeability, Doc. No. 19, at 4. However, the time Schubert allegedly spent canceling the magazine subscriptions could not have provided either a direct or an indirect benefit to Bain or anyone else.  Canceling the subscriptions benefited only Schubert.  No one "obtained" anything as a result of the time Schubert spent canceling the subscriptions.  The Plaintiffs do not sufficiently allege that any party has obtained money, property, services, or credit as a result of the allegedly fraudulent magazine subscription cards, so any resulting debt does not fall under § 523(a)(2)(A).  The Plaintiffs' fraud claim does, however, state a claim for nondischargeability under § 523(a)(6), as explained below.

### 2.  Nondischargeability for Willful and Malicious Injury

Plaintiffs state a claim for nondischargeability because of willful and malicious injury.  In addition to fraud, Plaintiffs sued Bain for intentional and negligent infliction of emotional distress as a result of Bain's alleged completion of magazine subscription cards in Osterrieder's name.

Plaintiffs' negligent infliction of emotional distress claim, as currently pleaded, would not meet the definition of willful and malicious injury.  To prove willfulness under § 523(a)(6), Plaintiffs must show that Bain had objective substantial certainty that the completion of the subscription cards would cause injury or that Bain had a subjective motive of causing harm. *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 603 (5th Cir. 1998).  The elements of negligent infliction of emotional distress, which the Plaintiffs pleaded in their Original Petition, do not include a requirement of intention.  The Plaintiffs fail to allege, with respect to the negligent infliction of emotional distress cause of action, that Bain had objective substantial certainty that his actions would cause emotional distress or that he had a subjective motive of causing harm.  Plaintiffs' allegations with respect to their negligent infliction of emotional

distress claim therefore do not state a claim for nondischargeability under § 523(a)(6).  Plaintiffs may, however, amend their pleadings to state a claim under § 523(a)(6) if they allege that Bain's negligence rose to the level of objective substantial certainty or subjective motive of causing harm.

Plaintiffs' claim for intentional infliction of emotional distress alleges that Defendants acted either intentionally or recklessly.  Pl's First Am. Pet'n ¶ 18, Doc. No. 7-3 at 5.  Plaintiffs allege facts that, if proven, would show that Bain completed the magazine subscription cards with either objective substantial certainty or with subjective motive that the Plaintiffs would suffer injury.  For example, Plaintiffs allege that the handwriting on the cards is Bain's and that the cards have the "bill me later" box checked, so that Osterrieder would be charged for the magazine subscriptions.  Pl's First Am. Pet'n ¶ 9, Doc. No. 7-3, at 3.  If Bain did, in fact, fill out the magazine subscription cards and check the "bill me later" box, he could be found to have acted with objective substantial certainty or subjective motive that the Plaintiffs would be harmed by the loss of time and money and possibly by emotional distress.

Plaintiffs also allege facts that, if proven, would support a finding that Bain acted with malice.  *See Gentry v. Kovler (In re Kovler)*, 249 B.R. 238, 262 (Bankr. S.D.N.Y. 2000) (noting in dicta that a defendant's act of filling out dozens of subscription forms for magazines, commemorative dishes and other artifacts, and services was—among other factors in the case— evidence that the defendant's fraudulent conveyance was motivated by actual malice).  Here, Plaintiffs allege a history of disputes and other facts that could support a finding of malice.

Plaintiffs plead injury.  Plaintiffs allege that "the emotional distress suffered by Plaintiff(s) was severe."  Pl's First Am. Pet. ¶ 18; Doc. No. 7-3, at 5-6.  Emotional distress is among the types of injury covered by § 523(a)(6).  *See, e.g.*, *Hagan v. McNallen (In re*

*McNallen*), 62 F.3d 619, 625-26 (4th Cir. 1995) (holding that a Texas judgment for intentional infliction of emotional distress and intentional invasion of privacy was nondischargeable under § 523(a)(6)); *Petro v. Miller (In re Miller)*, 403 B.R. 804, 818 (Bankr. W.D. Mo. 2009) (holding that the issues in an Oregon lawsuit for intentional infliction of emotional distress were identical to the elements of § 523(a)(6)).  Plaintiffs therefore have sufficiently pleaded injury under § 523(a)(6).

Furthermore, although Plaintiffs' fraud claim does not state a claim under § 523(a)(2)(A), it does state a claim under § 523(a)(6).  The facts alleged in the fraud claim are the same underlying facts as those alleged in the intentional infliction of emotional distress claim.  The same facts, including the history of disputes and the alleged deliberate act of filling out magazine subscription cards, could support findings of willfulness and malice.  The fraud claim also alleges injury.  Pl's First Am. Pet'n ¶ 16, Doc. No. 7-3, at 5.  As Plaintiffs argue in their Brief in Support of Nondischargeability, Plaintiffs had to spend time and money to cancel the magazine subscriptions.  Doc. No. 19, at 3.  This alleged injury, like the alleged emotional distress, could be compensable as a nondischargeable debt under § 523(a)(6).

Allowing Plaintiffs' state-law fraud claim to be asserted under § 523(a)(6) would not render § 523(a)(2)(A) superfluous.  "Exceptions to discharge are to be construed narrowly, and the subsections of § 523 should not be construed to make others superfluous."  *Berkson v. Gulevsky (In re Gulevsky)*, 362 F.3d 961, 963 (7th Cir. 2004) (holding that § 523(a)(6) should not be construed to render § 523(a)(2)(B)'s writing requirement superfluous).  The Court concludes in this case that Plaintiffs' fraud claim does not fall within the terms of § 523(a)(2)(A).  Considering the claim under § 523(a)(6) instead would not circumvent any special requirements of § 523(a)(2)(A).

The creditor in *Gulevsky* asserted that debtor had obtained a loan through misrepresentations of his financial condition. A debt created because a debtor obtained money, property, services, or credit through a materially false written statement on which the creditor relied and that the debtor made with the intent to deceive is nondischargeable under § 523(a)(2)(B). But § 523(a)(2)(B) was clearly meant to limit nondischargeability only to debts obtained when false statements about a debtor's condition meet certain conditions. Section 523(a)(2)(A), unlike § 523(a)(2)(B), does not impose special conditions on liability for debts that fall within its purview; it simply defines a class of nondischargeable debts. The Court's characterization of the debt under the Bankruptcy Code as willful and malicious injury rather than fraud therefore does not make any statutory requirements superfluous.

Although the claim is labeled as a fraud claim under state law, that label does not bind the Bankruptcy Court to consider the claim under § 523(a)(2)(A) rather than § 523(a)(6). *Winn v. Holdaway (In re Holdaway)*, 388 B.R. 767, 782 (Bankr. S.D. Tex. 2008) (holding that, even though the statute of limitations had run for a state law embezzlement claim, a debt could still be characterized as a debt for embezzlement under the Bankruptcy Code), *aff'd*, 2009 WL 820167 (S.D. Tex. Mar. 26, 2009). "The underlying cause creating the pre-petition debt must not be confused with the characterization of debts excepted from discharge." *Id.* (citing *Resolution Trust Corp. v. McKendry (In re McKendry)*, 40 F.3d 331, 332 (10th Cir. 1994). The Bankruptcy Court's determination that Plaintiffs' claim does not fall under § 523(a)(2)(A) is a matter of characterizing the claim under the Bankruptcy Code. A state law fraud claim that does not meet the definition of fraud in § 523(a)(2)(A) is not automatically excluded from nondischargeability under another subsection. Plaintiffs' fraud claim pleads the elements of willful and malicious injury, and therefore Plaintiffs have stated a claim for nondischargeability under § 523(a)(6).

If Plaintiffs' pleadings are accepted as true and viewed in the light most favorable to the Plaintiffs, Plaintiffs have pleaded all elements of a willful and malicious injury claim. Plaintiffs' causes of action for intentional infliction of emotional distress and fraud therefore state claims for nondischargeability under § 523(a)(6).

## Conclusion

Plaintiffs have not stated a claim for nondischargeability for false pretenses, false representation, or fraud under § 523(a)(2)(A). Plaintiffs' fraud claim, however, states a claim for nondischargeability due to willful and malicious injury under § 523(a)(6). Plaintiffs' intentional infliction of emotional distress claim also states a claim under § 523(a)(6). Although the negligent infliction of emotional distress claim does not currently allege the requisite intent to state a claim under § 523(a)(6), the Court will give Plaintiffs a chance to amend their pleadings before dismissing the negligent infliction of emotional distress claim.

The Court orders:

1.      The § 523(a)(2) claim is dismissed.

2.      Plaintiffs may amend their complaint to allege the requisite intent under § 523(a)(6), with the amendment to be filed within 14 days of entry of this order.

3.      The Court will conduct a scheduling conference on October 19, 2010 at 9:00 a.m.

SIGNED **September 16, 2010.**

Marvin Isgur

UNITED STATES BANKRUPTCY JUDGE